UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PREFERRED MUTUAL INSURANCE COMPANY AS SUBROGEE OF DIANNE NEWHALL,<br><br>　　　　Plaintiff,<br>v.<br><br>CHRISTOPHER A. DEAO ELECTRICIAN, LLC<br><br>　　　　Defendants. | Civ. Act. No: 25-11852<br><br>**COMPLAINT and JURY DEMAND** |

## **PARTIES**

1. The Plaintiff, Preferred Mutual Insurance Company, is an insurance company authorized to conduct business in the Commonwealth of Massachusetts with its principal place of business at One Preferred Way, New Berlin, New York.

2. The Plaintiff is subrogated to the rights of its insured, Dianne Newhall, 120 Converse Avenue, Malden, Middlesex County, Commonwealth of Massachusetts for property damage to Newhall's home.

3. The Defendant, Christopher A. Deao Electrician, LLC d/b/a Deao Electric is a Massachusetts limited liability corporation with a usual place of business at 177 N. Main Street, Suite 701, Middleton, Essex County, Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

5. Venue is properly laid in this judicial district because the events giving rise to Plaintiff's claims occurred in this district, Plaintiff's insured owns property located in the Commonwealth, and the relevant acts and omissions as alleged occurred in this district.

## FACTS

6. The Plaintiff's insured owns the real property located at 120 Converse Avenue, Malden, Middlesex County, Commonwealth of Massachusetts.

7. The Plaintiff insures 120 Converse Avenue.

8. On May 18, 2023, the Plaintiff's insured called the Defendant for electrical service because an electrical breaker in her home kept tripping.

9. The Defendant holds itself out as 'wiring wizards.'

10. The Plaintiff's insured called the Defendant and requested that the Defendant fix the electrical issue.

11. The Defendant serviced the call and determined that a breaker for her son's upstairs bedroom was tripping and replaced the breaker.

12. The Defendant did not perform any investigation to determine why the breaker was tripping and failed to properly inspect the electrical receptacles and associated wiring in the room.

13. After the Defendant left the scene at 11:30 a.m. a fire broke out in the son's bedroom at 5:17.

14. The Malden Fire Department determined that the fire was electrical in nature, with the origin of the fire in the son's bedroom.

15. The cause of the fire was a nail that had been driven into the electrical wiring in the son's bedroom that caused the wire, cable and wall components to ignite and cause a substantial fire.

16. The Defendant, in undertaking the duty to repair the electrical issues at the insured's home, owed the insured and Preferred Mutual the duty to properly inspect and determine why the breaker was tripping rather than just simply replacing the breaker.

17. Pursuant to its respective policy of insurance, Preferred Mutual has been required to make payments on behalf of its insured, to date, in the amount of $224,640.27 to repair the property damage and provide for additional living expenses.

## COUNT I - NEGLIGENCE

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1-17 as if same were fully set forth at length herein.

19. The Defendant owed the Plaintiff a duty to properly and safely inspect and determine why the breaker was tripping.

20. The Defendant breached this duty by failing to inspect and determine why the breaker was tripping.

21. The Defendant's breach of duty caused a fire to damage the Plaintiff's insured's home and caused the Plaintiff to pay for the insured's additional living expenses.

22. The Plaintiff has been damaged in the amount of $224,640.27.

## COUNT II – BREACH OF CONTRACT

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1-22 as if same were fully set forth at length herein.

24. The Defendant contracted with the Plaintiff's insured to remedy the electrical malfunction at her home.

25. The Defendant breached this contract by failing to inspect and determine why the breaker was tripping.

26. The Defendant's breach of contract caused a fire to damage the Plaintiff's insured's home and caused the Plaintiff to pay for the insured's additional living expenses.

27. The Plaintiff has been damaged in the amount of $224,640.27.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant in an amount to be determined by the Court together with costs and statutory interest.

## JURY CLAIM

The Plaintiff demands a trial by jury.

Respectfully Submitted,
For the Plaintiff,
By its Attorneys,
/s/ Matthew W. Perkins
Joseph T. Doyle, Jr., BBO# 133440
Matthew W. Perkins, BBO# 564868
Lecomte, Emanuelson and Doyle
Batterymarch Park II
One Pine Hill Drive, Suite 105
Quincy, MA 02169
(617)328-1900
mperkins@lecomtelaw.com
jdoyle@lecomtelaw.com

DATED: June 27, 2025